Robert Kyle Simmons

In Care of: Post Office Box 230155

Montgomery, Alabama [36123]

Caterpillar36025@gmail.com

October 15, 2024

2:24-cv-00647-RAH-SMD

United States District Court

For the Middle District of Alabama

Montgomery COUNTY, Alabama



In the matter of:

Robert K. Simmons, TTEE of

The Robert Kyle Simmons Living Trust,

**Plaintiff**

v.

**CASE NO:** _____

NewRez LLC d/b/a ShellPoint Mortgage Loan Servicing, Bruce J. Williams (CEO), Nicola Santoro (Senior CFO), Baron Silverstein (President), Dart Budz (CFO), Michael N. Barone (VP), Michael Nierenberg (Chairman, CEO, & President);  Rithm Capital, Parent Company of NewRez LL, Nicola Santoro, (CFO), Fairway Independent Mortgage Corporation, Loan Originator, and Steve Jacobson, (CEO),  Ian John Mills (Loan Officer); Federal National Mortgage Association (Fannie Mae), Priscilla Almodovar, (CEO)

**Defendants**



**BILL IN EQUITY FOR FULL ACCOUNTING**

The Plaintiff, Robert Kyle Simmons, respectfully files this Bill in Equity for a full and fair accounting of all financial transactions related to the Plaintiff's mortgage and states as follows:

I. Parties Involved

Plaintiff: The Plaintiff, Robert Kyle Simmons, is the Trustee of The Robert Kyle Simmons Living Trust, with a mailing address of Post Office Box 230155, Montgomery, Alabama.

Defendants: The Defendants are:

NewRez LLC d/b/a ShellPoint Mortgage Loan Servicing, Bruce J. Williams (CEO), Nicola Santoro (Senior CFO), Baron Silverstein (President), Dart Budz (CFO), Michael N. Barone (VP), Michael Nierenberg (Chairman, CEO, & President);  Rithm Capital, Parent Company of NewRez LL, Nicola Santoro, (CFO), Fairway Independent Mortgage Corporation, Loan Originator, and Steve Jacobson, (CEO),  Ian John Mills (Loan Officer); Federal National Mortgage Association (Fannie Mae), Priscilla Almodovar, (CEO);

NewRez LLC d/b/a ShellPoint Mortgage Loan Servicing address:   1100 Virginia Drive, Suite 125, Fort Washington, PA 19034;  Federal National Mortgage Association (Fannie Mae), located at 1100 15th Street NW, Washington, D.C. 20005;  Rithm Capital address: 410 Park Avenue, 12th Floor, New York, NY 10022 and 799 Broadway, 8th Floor, New York, NY 10003

II. Federal Jurisdiction and Procedural Rules

Jurisdiction:

The U.S. District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as the parties are citizens of different states, and the amount in controversy exceeds $75,000. In this case, the Plaintiff and the Defendants (including NewRez LLC d/b/a ShellPoint Mortgage Loan Servicing, Fannie Mae, and other entities) are from different states.

Additionally, this Court has jurisdiction under 28 U.S.C. § 1331, which grants jurisdiction in cases involving violations of federal statutes. In this case, this includes the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA). These

federal statutes establish standards for mortgage servicing, disclosures, and transfers, and the Plaintiff asserts that these laws were violated by the Defendants.

Federal Rules of Civil Procedure (FRCP):

The Plaintiff brings this claim for equitable relief, specifically seeking a full accounting under Rule 8(a) of the FRCP, which outlines the basic pleading requirements, and Rule 9(b), which requires a heightened pleading standard for claims involving misrepresentation and violations of federal law related to the mortgage loan's origination and servicing.

III. Background and Business Relationship

The Plaintiff and the Defendants have engaged in a business relationship concerning the Plaintiff's mortgage loan for the property located at 92/96 Pine Meadow Circle, Elmore, Alabama, Lot 25, Pine Meadows Subdivision. This relationship obligates the Defendants to properly manage and service the Plaintiff's mortgage account in compliance with federal laws and ethical fiduciary duties.

The Plaintiff asserts that a full, fair, and transparent accounting of all financial transactions related to the mortgage loan, including payments, escrow activities, and loan servicing details, is necessary to clarify the status of the loan and correct discrepancies.

IV. Violation of Fiduciary Duty

A fiduciary relationship exists between the Plaintiff and the Defendants due to their roles as loan servicers and financial institutions responsible for managing the Plaintiff's mortgage. The Plaintiff contends that the Defendants have failed to provide a full accounting of all financial dealings concerning the property from May 6, 2019, to the present.

V. Conflict of Interest and Misrepresentation

Conflict of Interest: Nicola Santoro, CFO of both Rithm Capital and Lakeview Loan Servicing, holds a conflict of interest due to his involvement in the Plaintiff's loan and a close family member's loan. He also was an executive at M&T Bank, currently mortgage loan servicing. This relationship was not disclosed, constituting a breach of fiduciary duty and requiring an equitable remedy, including full accounting and injunctive relief.

Violation of Federal Laws: The Defendants violated federal statutes such as the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2605) and the Truth in Lending Act (TILA) (15 U.S.C. § 1641(g)), by failing to provide adequate disclosure of the transfer of mortgage ownership and by not properly recording the mortgage assignment with the local deed office.

Misrepresentation: The Defendants have failed to provide critical loan documents, including the original promissory note, warranty deed, and information about the separation of the promissory note from the mortgage. This failure raises significant concerns about the integrity of the mortgage loan and the Defendants' authority to enforce it.

## VI. Failure to Provide Documentation

The Plaintiff has made several formal requests for the original promissory note and other essential documentation. To date, the Defendants have acknowledged receipt of the requests but have failed to provide the necessary documents, demonstrating a lack of transparency and non-compliance with federal disclosure laws.

## VII. Equity Remedies and Federal Law

The Plaintiff asserts that a full accounting is necessary under equity law, which prioritizes fairness over rigid legal technicalities. Federal laws, including RESPA and TILA, have been violated by the Defendants, further justifying the Plaintiff's demand for equitable relief.

Equitable Redemption: The Plaintiff seeks equitable redemption of the property, including the recovery of any equity interest unjustly diminished by the Defendants' practices. Under equity principles, the Plaintiff reserves the right to challenge the enforceability of the mortgage based on the unclean hands doctrine and misrepresentation.

## VIII. Relief Requested

**WHEREFORE,** the Plaintiff respectfully requests that the Court:

(a) Full Accounting: Order a comprehensive and transparent accounting of all transactions, assignments, payments, and escrow account activities related to the Plaintiff's mortgage loan.

(b) Restitution for Misrepresentation: Award restitution for the emotional, financial, and legal damages incurred due to the Defendants' misrepresentation and unfair practices.

(c) Relief from Unfair Practices: Eliminate all penalties, misapplied payments, and unjust fees resulting from force-placed insurance and other improper charges.

(d) Equitable Redemption: Grant the Plaintiff equitable redemption of the property, including the recovery of equity interest compromised by the Defendants' misconduct.

(e) Recovery of Equity Interest: Recognize the Plaintiff's right to recover any equity interest diminished by the Defendants' improper handling of the mortgage and trust.

(f) Declaration of Nullity: Declare the mortgage loan unenforceable, null, and void due to violations of federal law and the Defendants' misrepresentations.

(g) Exoneration: Exonerate the Plaintiff from any further obligations under the mortgage loan.

(h) Damages and Costs: Award damages and cover costs resulting from the Defendants' breach of fiduciary duty and mismanagement.

(i) Other Relief: Grant any other relief deemed equitable and just by the Court under these circumstances.

Verification

I verify that the statements made in this Bill of Complaint are true and correct. I understand that false statements herein are made subject to the penalties under

Alabama Perjury Law Codes, including Alabama Code § 13A-10-101, Alabama Code § 13A-10-102, and Alabama Code § 13A-10-103.

Robert Kyle Simmons

Plaintiff

By: _____Robert Kyle S._____, Trustee
on behalf of The Robert Kyle Simmons Trust w/o Prejudice w/o Recourse
Robert Kyle Simmons, Pro Se

In Care of: Post Office Box 230155

Montgomery, Alabama [36025]

Caterpillar36025@gmail.com


Attachments

Certified Mortgage Documents (Certified Copy)

Assignment of Mortgage (Certified Copy)

Home Assessment

Mortgage Documents (Certified Copy)

Newspaper Affidavit (Certified Copy)

Insurance Policy (increase in rates)

Correspondence Record

Certificate of Special Deposit

**NOTARY ACKNOWLEDGMENT**

State of Alabama
County of Elmore

On this 15th day of October, 2024, before me, Emily O Joyce, personally appeared Robert Kyle Simmons, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Alabama that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*[Signature: Eily O Joyce]*

Notary Public for the State of: Alabama
My Commission Expires: August 23, 2025
Notary Seal:

> EMILY O. JOYCE
> My Commission Expires
> August 23, 2025