IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT SIMMONS, as Trustee )
for the ROBERT KYLE )
SIMMONS LIVING TRUST, )
 )
    Plaintiff, )
 )
v. ) CASE NO. 2:24-cv-00647-RAH
 )
SHELLPOINT MORTGAGE )
SERVICING D/B/A NEWREZ, )
LLC, *et al.*, )
 )
    Defendants. )

## **ORDER**

This case was initiated on October 16, 2024 by "Robert Kyle Simmons, the Trustee of The Robert Kyle Simmons Living Trust" against NewRez LLC d/b/a ShellPoint Mortgage Loan Servicing, Bruce J. Williams, Nicola Santoro, Baron Silverstein, Dart Budz, Michael N. Barone, Michael Nierenberg, Rithm Capital, Fairway Independent Mortgage Corporation, Steve Jacobson, Ian John Mills, Federal National Mortgage Association, and Priscilla Almodovar. (*See* Doc. 1.) The *Bill in Equity for Full Accounting* claimed that diversity jurisdiction exists under 18 U.S.C. § 1332 and federal question under § 1331 since Plaintiff was advancing claims under Real Estate Settlement Procedures Act and Truth In Lending Act. On December 3, 2024, Plaintiff filed an *Amended Petition for Bill in Equity* (doc. 10), which superseded and replaced the *Bill in Equity for Full Accounting.* The *Amended Petition* identified the plaintiff as "Robert Simmons, Trustee of the Robert Kyle Simmons Trust" and asserted state law claims against defendants identified as

Shellpoint Mortgage Servicing d/b/a NewRez LLC, Rithm Capital Corporation and Fairway Independent Mortgage Corporation. (Doc. 10.)  The *Amended Petition* solely invoked jurisdiction under 18 U.S.C. § 1332.

On April 28, 2025, the assigned Magistrate Judge, *sua sponte*, issued a recommendation (doc. 57) that this action be dismissed without prejudice for lack of subject matter jurisdiction and that all pending motions be denied as moot.  Pertinent to the issue of subject matter jurisdiction, the Magistrate Judge noted that the *Amended Petition* lacked sufficient allegations concerning the domicile of the Plaintiff, which identifies itself as a "Living Trust," provides insufficient details concerning the citizenship of Defendant NewRez LLC, a limited liability company whose citizenship flows through the citizenship of its members, and no allegations concerning the citizenship of  Rithm Capital Corporation and Fairway Independent Mortgage Corporation.  The Magistrate Judge further noted that any attempt to file an amended complaint to cure the jurisdictional defect would be futile since Robert Kyle Simmons, as a non-attorney, cannot represent an entity such as a trust in federal court and since the Plaintiff's *Amended Petition* appears to advance frivolous sovereign citizen theories that lack any basis in the law.

In response, Plaintiff filed a *Scroll of Rebuttal to Magistrate Judge's Recommendation, Ecclesiastical Declaration and Final Rebuttal of Jurisdiction, Fraud, and Default.* (*See* Doc. 59, 60.)  Plaintiff also filed an *Ecclesiastical Scroll and Affidavit of Address Correction*. (*See* Doc. 61.)  The Court will construct these documents as an objection to the Recommendation of the Magistrate Judge. In neither document does Plaintiff clarify, amend or provide allegations concerning the citizenship of the Defendants, nor show why diversity jurisdiction exists in this matter.  In fact, Plaintiff disputes the jurisdiction of this Court over Plaintiff and its claims.  (*See* Doc. 59 at 2.)

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.*  28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).  *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review.  *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In Plaintiff's objection, he does not address the issue of the citizenship of the Defendants. Nor does he demonstrate how diversity jurisdiction exists, or why the Magistrate Judge's Recommendation is in error.  Instead, he disputes this Court's jurisdiction over the Plaintiff and Plaintiff's claims.  All told, the Court finds no error with the Recommendation of the Magistrate Judge.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1.      The *Motion to Dismiss* (doc. 15), filed by NewRez LLC, d/b/a Shellpoint Mortgage Servicing, Rithm Capital Corp., Federal National Mortgage Association, Bruce J. Williams, Baron Silverstein, Nicola Santoro, Michael Nierenberg, and Priscilla Almodovar is **DENIED** as moot.

2.      The *Motion to Strike Filings and Motion to Enjoin* (doc. 33) filed by NewRez LLC, d/b/a Shellpoint Mortgage Servicing is **DENIED** as moot;

3.      The Plaintiff's *Exclusive Equitable Motion to Correct Case Caption Description & Remove Pro Se Designation* (doc. 36) is **DENIED** as moot;

4.    Plaintiff's Objections (docs. 59, 60 & 61) are **OVERRULED**;

5.    The Recommendation (doc. 57) is **ADOPTED**; and,

6.    This lawsuit is **DISMISSED without prejudice**.

A separate Final Judgment will issue.

DONE, on this the 6th day of June 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE